# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH MOFFETT,

    Petitioner,

    v.                                            Case No. 03-C-802

JEFFREY ENDICOTT[1],

    Respondent.

## DECISION AND ORDER

On August 20, 2003, petitioner Kenneth Moffett filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted, after a trial to the court, of four counts of second-degree sexual assault, in violation of Wis. Stat. § 940.225(2)(a), and one count of false imprisonment, in violation of Wis. Stat. § 940.30. On January 11, 1999, the court sentenced the petitioner to consecutive twenty-year terms of imprisonment on each of the four counts of second-degree sexual assault, and a consecutive two-year term of imprisonment on the count of false imprisonment.

The petitioner challenges his January 13, 1999, judgment of conviction on the following grounds: ineffective assistance of counsel based on counsel's failure to properly investigate and present the case, counsel's failure to advise him regarding a plea bargain offered by the state, and counsel's failure to file pretrial motions challenging the multiplicity of the charges.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was

---

[1] The petitioner is now incarcerated at Redgranite Correctional Institution (RCI). Thus, the proper respondent in this action is Jeffrey Endicott, warden at RCI. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. As a result, Warden Endicott will be substituted as the respondent in this action.

assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

United States District Court Judge William C. Griesbach conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed August 28, 2003, Judge Griesbach ordered the respondent to answer the petition for a writ of habeas corpus. The respondent answered the petition and the parties subsequently briefed the petition for a writ of habeas corpus. Therefore, the petition is ready for disposition and will be addressed herein.

## **BACKGROUND**

On December 4, 1998, after a trial to the court, Outagamie County Circuit Court Judge Dee R. Dyer presiding, the petitioner was convicted of four counts of second-degree sexual assault, in violation of Wis. Stat. § 940.225(2)(a), and one count of false imprisonment, in violation of Wis. Stat. § 940.30. Subsequently, Judge Dyer sentenced the petitioner to a total of 82 years of imprisonment. Judgment of conviction was entered on January 13, 1999.

Thereafter, by new counsel, the petitioner filed a post-conviction motion alleging, as is relevant here, that he received ineffective assistance of counsel. The trial court denied the motion after holding an evidentiary hearing pursuant to State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Wis. Ct. App. 1979). The petitioner appealed his conviction and the order denying his request for post-conviction relief. The Wisconsin Court of Appeals affirmed the petitioner's conviction and the trial court's denial of his post-conviction motion. The court, citing Strickland v. Washington, 466 U.S. 668 (1984), concluded that as to two of his ineffective assistance of counsel claims, his counsel's performance was not deficient and as to the other ineffective

assistance of counsel claim, the court concluded that the petitioner failed to establish prejudice. (Response, Exh. E at 4-5).

The petitioner filed a petition for review with the Wisconsin Supreme Court. The petition did not raise the ineffective assistance of counsel claims that the petitioner presented to the court of appeals. The Wisconsin Supreme Court denied the petition for review on August 29, 2000.

On January 15, 2000, the petitioner, pro se, filed a post-conviction motion pursuant to Wis. Stat. § 974.06, alleging ineffective assistance of trial counsel based on counsel's failure to properly investigate the case and locate and subpoena for trial two witnesses, which caused the petitioner to agree to waive his right to a jury trial to obtain a continuance. The petitioner also alleged ineffective assistance of appellate counsel based on counsel's failure to assert the ineffective assistance of trial counsel claim. The trial court denied the motion. The Wisconsin Court of Appeals affirmed the trial court's decision, concluding that the petitioner was unable to establish that his trial counsel had performed deficiently and thus, the petitioner's appellate counsel was not ineffective for failing to raise the issue.

The petitioner filed a petition for review with the Wisconsin Supreme Court. The Wisconsin Supreme Court denied the petition for review on May 5, 2003. On August 3, 2003, the petitioner filed the present petition for a writ of habeas corpus.

## **ANALYSIS**

At the outset, the court notes that the respondent withdraws his statement in his response regarding the timeliness of the petitioner's petition for a writ of habeas corpus. (See Brief in Opposition to Petition for Writ of Habeas Corpus at n. 1). The respondent now maintains that all of the petitioner's claims are time barred. In a recent Supreme Court decision,

the Court determined that even when the state has filed a response not alleging a statute of limitations defense, a court has discretion to dismiss a petition as untimely under 28 U.S.C. § 2244(d). Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). The state has explicitly raised the timeliness issue in its opposition brief and the petitioner has responded. Accordingly, the court will address the timeliness of the petition for a writ of habeas corpus.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) provides for a one-year statute of limitations for the filing of a petition for a writ of habeas corpus. The one-year statute of limitations runs from the latest of four possible dates.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see also, Araujo v. Chandler, 435 F.3d 678, 680 (7th Cir. 2005). In this case, the statute of limitations began to run on November 27, 2000, 90 days after August 29, 2000, when the Wisconsin Supreme Court denied the petitioner's petition for review on his direct appeal. Thus, the petitioner had until approximately November 26, 2001, to file a timely petition for writ of habeas corpus. The petition was not filed in this court until August 3, 2003. Therefore, the petition is untimely.

In certain circumstances, however, the petitioner may demonstrate a basis for tolling the statute of limitations for filing a petition for a writ of habeas corpus. Section 2244(d)(2) provides for the tolling of the statute of limitations for "the time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending." 28 U.S.C. § 2244(d)(2).

On January 15, 2002, the petitioner filed a post-conviction motion pursuant to Wis. Stat. § 974.06. (Response, Exh. I at 3). The petitioner's filing of his post-conviction motion did not toll the time period for filing a petition for a writ of habeas corpus in federal court because the one-year period of limitation had already expired. Thus, there was nothing for the filing of the petition to toll. The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief. Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005).

The petitioner asserts, however, that the time for filing his federal habeas petition should be equitably tolled. Specifically, the petitioner maintains that he could not file his Wis. Stat. § 974.06 motion without a transcript of the trial, post-conviction hearing on direct appeal and the appellate record.

Neither the United States Supreme Court nor the court of appeals for this circuit has decided whether, or to what extent, the doctrine of equitable tolling of the one-year deadline in 2254(d)(1) is available under AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005); Williams v. Sims, 390 F.3d 958, 962 (7th Cir. 2004); Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001); Taliani v. Chrans, 189 F. 3d 597, 598 (7th Cir. 1999). AEDPA's one-year period of limitations is not jurisdictional and, therefore, is arguably subject to equitable tolling. Taliani, 189 F.3d at 597-98. "Equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." Jones, 449 F.3d at 789. Thus, "equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Araguaya, 435 F.3d at 680 (quoting Gildon v. Bowen, 384 F.3d 883, 887 [7th Cir. 2004]). Equitable tolling, however, is "rarely granted." Jones, 449 F.3d at 789.

The petitioner asserts that the Court of Appeals' decision in Lloyd v. Van Natty, 296 F.3d 630, 633-34 (7th Cir. 2002), holding that the unavailability of a transcript does not toll the time for filing a habeas petition, is inapplicable to his petition for a writ of habeas corpus. The petitioner maintains that he had to exhaust his state court remedies with respect to his ineffective assistance of trial and counsel claims prior to filing his petition. He asserts that he could not properly file his Wis. Stat. § 974.06 motion before the expiration of the limitations period. He further asserts that he could not properly file his motion without submitting record evidence.

In Van Natty, the court of appeals for this circuit addressed whether the State's refusal to provide the petitioner with a complete transcript justifies equitable tolling. The court concluded that because the petitioner "was present at his trial and knew the basis on which he could have asserted prosecutorial misconduct; under these circumstances, a petitioner does not need a transcript to proceed with filing a habeas petition." Lloyd, 296 F.3d at 634. The court held that "the unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition." Id.

Assuming that the doctrine of equitable tolling is available under the AEDPA, the petitioner in the instant case fails to meet the criteria for the equitable tolling of the one-year statute of limitations. The petitioner maintains that in order to file his Wis. Stat. § 974.06 motion, he first needed to obtain legal assistance, as well as his case file which would include transcripts of the proceedings, briefs filed on direct appeal and the court decisions. According to the petitioner, he first sought legal assistance from his appellate counsel and when he could not retain him, he sought assistance (on March 7, 2001) from the Legal Assistance to Institutionalized Persons Project (LAIP). He was informed that LAIP would take the case, but on September 7, 2001, he was informed that LAID would not be representing him. On October

10, 2001, he again wrote to his appellate counsel requesting a copy of his file. The petitioner did not receive a copy of his file until December 15, 2001.

Lloyd, while not directly on point, cites to Gasser v. Bruton, 255 F.3d 492 (8th Cir. 2001), which is. In Gasser, the court concluded that although it could "understand the petitioner's desire to have a transcript before filing for post-conviction relief[,] [p]ossession of a transcript . . . is not a condition precedent to the filing of such proceedings. 255 F.3d at 495.

Here, the petitioner asserts that he could not properly file a Wis. Stat. § 974.06 motion without first obtaining record evidence necessary to support his allegations of ineffective assistance of appellate and trial counsel. He asserts that he could not make allegations necessary to receive an evidentiary hearing without the transcripts and that any allegations he could have made would have been deemed conclusory. He further asserts that he did not have all the information needed to file his Wis. Stat. § 974.06 motion until December 15, 2001, and that he exercised due diligence in tracking down his former appellate counsel and retrieving his record file and filing his motion within 30 days time.

The cited statute section, Wis. Stats. § 974.06, and relevant cases do not support the petitioner's position that a transcript was necessary prior to the filing of his Wis. Stat. § 974.06 motion. Although it may have been preferable to have the transcript and record evidence in hand, the petitioner was present at all of the proceedings and, therefore, knew of the underlying facts which would support his motion.[2] Moreover, "equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Araguaya, 435 F.3d at 680 (quoting Gildon, 384 F.3d at 887). Nothing prevented the petitioner from timely filing his petition for a writ of habeas corpus. See Lloyd, 296 F.3d at 634.

---

[2] The court also notes that the court did not grant the petitioner an evidentiary hearing on his second Wis. Stat. § 974.06 motion.

To the extent that the petitioner is asserting that counsel's negligence caused him to untimely file his petition for a writ of habeas corpus, trial counsel's negligence is not a ground for equitable tolling. Taliani, 189 F.3d at 598. Therefore, the submissions before the court do not provide a basis for concluding that the one-year limitations period should be equitably tolled.

In conclusion, the petitioner's petition for a writ of habeas corpus is untimely. The petition was filed nearly two years beyond the expiration of the one-year limitations period. Furthermore, the petitioner's Wis. Stat. § 974.06 motion does not toll the statute of limitations as it was filed after the filing deadline. In addition, there is no factual basis for application of the doctrine equitable tolling in this case. Therefore, the petition will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that respondent Jeffrey Endicott, warden at Redgranite Correctional Institution, be and hereby is **substituted** in place of Daniel Bertrand.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of August, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge